## 15403. BLACK v. THE STATE.

LUKE, J. 1. Where one tried for murder was convicted of manslaughter, proof of his bad feeling for the deceased 18 months prior to the homicide was not so irrelevant and immaterial as to be cause for a new trial.

2. Where declarations of the accused are offered in evidence as a part of the res gestæ, but are not so nearly connected with the homicide in point of time as to be free from all suspicion of device or afterthought, it is not erroneous to exclude such evidence.

3. In the light of the entire charge, it was not erroneous to instruct the jury as follows: "The object of all legal investigations is the ascertainment of the truth; and when you have found the truth, or when you believe that you have found the truth, there you should base your verdict, regardless of consequences."

4. Where on a trial for murder the accused is convicted of voluntary manslaughter, errors in the charge relating exclusively to the offense of murder or to involuntary manslaughter afford· no 'cause. for a· new trial.

5. Where the only defense set up is that of an accidental, and not of a justifiable, killing, it is not erroneous to fail to instruct the jury as to the law of justifiable homicide.

6. The foregoing principles dispose of the special assignments of error in the amended motion for a new trial. The verdict, being authorized by the evidence and approved by the trial judge, cannot be disturbed by this court.

  *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

   DECIDED OCTOBER 7, 1924.

Conviction of manslaughter; from Talbot superior court—Judge Munro. January 26, 1924.

*A. P. Persons, A. J. Perryman, J. A. Smith, J. H. McGehee, H. A. Hall,* for plaintiff in error.

*W. R. Flournoy, solicitor-general, C. F. McLaughlin, Brooks Culpepper,* contra.